(121 App. Div. 12)

## WHITE v. ROVALL.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

**1.** MORTGAGES—FORECLOSURE BY ACTION—RIGHT TO FORECLOSE AND DEFENSES
—SATISFACTION OF DEBT SECURED.

Where the assignee in bankruptcy of a husband sold land belonging to
the husband covered by a mortgage given to a bank by the husband and
wife to secure the debt of the husband, which mortgage also covered land
belonging to the wife, and from the proceeds of the sale paid the debt
of the husband to the bank secured by the mortgage and took an assign-
ment of the mortgage, the payment to the bank satisfied the mortgage,
and it cannot be foreclosed on the land mortgaged by the wife and now
held by defendant under a conveyance from her.

**2.** SAME—CONSTRUCTION—RIGHTS AND LIABILITIES OF PARTIES—DISPOSITION
OF PROCEEDS OF MORTGAGE.

Where a wife mortgaged her property only to secure the obligations of
her husband up to a certain amount, which amount has been realized from
the sale of the husband's property, also covered by the mortgage, the
trustee in bankruptcy of the husband cannot apply the avails of the hus-
band's property covered by the mortgage to the payment of general cred-
itors, and compel the application of property mortgaged by the wife to
the payment of the indebtedness, the payment of which was secured by the
mortgage.

**3.** SAME—FORECLOSURE BY ACTION—PLEADING AND EVIDENCE—RIGHT TO
AMEND.

In a suit to foreclose a mortgage executed by a wife securing a note
executed by her husband, where evidence was admitted showing that
the wife was an accommodation indorser of the note and simply a surety
for her husband, it was error for the court to refuse to so find because it
was not within the issue, since this practically denied the defendant, who
held the land under conveyance from the wife, the opportunity to amend
his answer.

Appeal from Special Term, Erie County.

Action by William C. White, as trustee in bankruptcy of the estate
of Isaac Davis, a bankrupt, against David Rovall and others to fore-
close a mortgage on land owned by defendant Rovall. From a judg-
ment of foreclosure and sale, defendant Rovall appeals. Reversed,
and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

William B. Frye, for appellant.
Martin Clark, for respondent.

McLENNAN, P. J. The material facts are not in dispute. In De-
cember, 1905, one Isaac Davis and Tina Davis, his wife, were each the
owners in fee simple of certain parcels of real estate situate in the city
of Buffalo, N. Y. Isaac Davis owned the premises secondly described
in the complaint, and Tina Davis was the owner of the lands first de-
scribed therein. The lands thus owned by Tina Davis are the prem-
ises decreed to be sold by the judgment of foreclosure and sale which
is appealed from. The judgment decreeing a foreclosure and sale of
the premises owned by Tina Davis is based upon the following facts:
On December 27, 1905, the said Isaac Davis and Tina Davis, his wife,
executed and delivered to the Citizens' Bank of Buffalo a mortgage

as collateral and continuing security for the payment of all promissory notes, checks, drafts, or bills of exchange made, drawn, indorsed, or accepted by either mortgagor, to the amount of $4,000, which mortgage covered the premises secondly described in the complaint and owned by Isaac Davis, and also the premises owned by his wife and first described in the complaint. Such mortgage was on the day of its execution duly recorded in Erie county clerk's office. On December 28, 1905, said Isaac Davis made his promissory note for $3,500, payable in four months to the order of Tina Davis, his wife. Such note was indorsed by Tina Davis, and was discounted by Isaac Davis at the Citizens' Bank. The proceeds were placed to the credit of said Isaac Davis, and subsequently were checked out by him for his own use and purposes.

If we assume that Tina Davis was an accommodation indorser upon such note, and that she as surety executed the mortgage in question, by which she pledged her property as security for the payment of her husband's indebtedness, it is clear that she was entitled to have applied in payment of such indebtedness the pledged security and property of her husband (the principal debtor) before claim could be made against her upon her obligation as surety. Such rule of law, we think, is axiomatic: That, where the property of a principal is jointly pledged with the property of a surety to secure the payment of the principal's debt, a court of equity will decree that his property must be fully applied in the extinguishment of such debt before recourse can be had to the property of the surety. The correctness of such rule, we think, could not or would not be questioned if this action had been brought by the Citizens' Bank, the mortgagee, against Isaac Davis, the principal debtor, and his wife, the surety, the mortgagors. Has anything occurred, as shown by the undisputed facts, which in any manner changes such rule of law, notwithstanding the plaintiff is the assignee of such note and mortgage from the bank, and the defendant is the grantee of Tina Davis of the premises owned by her and which were included in the mortgage as security simply for the payment of her husband's debt?

It appears that on April 5, 1906, which was prior to the maturity of the note for $3,500 given by Isaac Davis, his wife, Tina Davis, by quitclaim deed dated that day, conveyed to the appellant, Rovall, the parcel of land owned by her and which was covered by the mortgage in question. Prior thereto, and in February, 1906, Isaac Davis was adjudged a bankrupt, and the plaintiff was appointed and duly qualified as trustee of his estate, and is still acting as such. On the 7th day of April, 1906, said trustee by quitclaim deed conveyed to one Buehl and another the property which was owned by Isaac Davis and which was secondly described in the complaint; and on the same day a like deed of the same premises was executed and delivered to said purchasers by Isaac Davis and Tina Davis, and by the terms of such conveyances said premises, the fee of which was owned by Isaac Davis, were released from the lien of the mortgage in suit. Thus far no facts appear which would seem to distinguish the rights of the grantee of Tina Davis in the premises formerly owned by her from what hers would have been, had she retained title to the same. She had con-

105 N.Y.S.—40

veyed her interest in such premises to the appellant, and in addition had only joined in a conveyance to Buehl of the premises owned by her husband. The note made by Isaac Davis for $3,500 became due on April 30, 1906, and, not being paid by him at maturity, was duly protested for nonpayment, and notice of protest given to all parties. Thereafter, and on the 2d day of May, 1906, the plaintiff as trustee paid the amount of said note to the bank, and took from the bank an assignment of the note and mortgage in suit, and on May 14, 1906, brought this action to foreclose the mortgage upon the premises owned by the appellant, Rovall, which had been conveyed to him by Tina Davis as above stated.

The complaint was in the form usual in such cases. The appellant, Rovall, interposed a general denial, and alleged that the note and mortgage had been satisfied and paid in full by reason of the payment by the trustee to the bank of the amount thereof, and because the amount so paid was received upon the sale of the property which was owned by Isaac Davis, the principal, and included in the mortgage executed by himself and wife. At this point there is absolutely no dispute about the facts. The trustee of the estate of Isaac Davis in the bankruptcy proceedings sold the property, the fee of which was owned by Isaac Davis and which was covered by the mortgage, and received for it more than sufficient to discharge every obligation assumed by Tina Davis under said mortgage. He took the proceeds of such sale, amounting to more than $4,000, the limit of the obligation assumed by Tina Davis under the mortgage, and out of such proceeds paid to the bank the amount of the note, and took an assignment thereof and of the mortgage given as security for the payment of the same, and now seeks to, and by this judgment it is decreed that he may, reimburse himself for such payment out of the property of the surety. In other words, he has sold the property of the principal jointly pledged with that of the surety, and has received more than sufficient to meet the surety's obligation, and still insists that he may apply the property of the surety to the payment of such obligation, precisely as if nothing had been realized by him upon the property of the principal jointly pledged for the payment of such indebtedness. It is quite evident that Isaac Davis was indebted to the Citizens' Bank largely in excess of the note made by him for $3,500, and that the trustee is endeavoring to apply the avails of his particular property described in the mortgage to the payment of general creditors, and to compel the application of his wife's property to the payment of the particular indebtedness the payment of which was secured by the mortgage in question. But the trouble with the consummation of such a plan is that the obligation of Tina Davis was only that her property should be devoted to the payment of such note, or, at most, not to exceed the sum of $4,000 of the obligations of her husband, in case the property pledged by him jointly with hers was not sufficient to pay such amount.

The plaintiff claimed upon the trial, and for the purposes of this appeal it will be assumed, that by the assignment of the note and mortgage he became subrogated to all the rights of the bank in the premises. As before pointed out, if such bank had attempted to foreclose

such mortgage as against the mortgagors, the surety would have been entitled to insist, as against it, that it first devote the property of the principal to the payment of the obligation before it could have recourse to the property pledged by her. We think it is also clear that the appellant, Rovail, stands in precisely the same situation as would his grantor, if a decree of foreclosure were here sought against her. He has a right to insist that the property of the principal shall be applied to the payment of the debt for which his grantor was surety before recourse can be had to the property conveyed to him.

Upon the trial, when the defendant offered evidence tending to prove that Tina Davis was an accommodation indorser, and was simply surety for her husband, the evidence was objected to by the plaintiff upon the ground that such defense had not been pleaded. Such objection was overruled, the evidence was admitted, and it is of such a character as to leave it practically beyond doubt that Tina Davis was simply surety for her husband; but upon the decision of the case the learned trial court made no finding to that effect, and, when requested to so find by the defendant, refused solely because it was not within the issue. We think such refusal constituted error, because it practically denied the defendant the opportunity to amend his answer. It at least did not apprise him that the court considered that there was any necessity for such an amendment. The issue as to whether or not Tina Davis was an accommodation indorser, and simply surety for her husband, was the vital issue in the case; and, if the court considered that such defense should have been more specifically pleaded in order to have made it available, he should have so indicated, and have permitted an amendment upon proper terms. As we have seen, there is practically no dispute as to the facts. She was an accommodation indorser, she was simply surety for the payment of her husband's debt, and it appears by evidence which was uncontradicted. We think, if deemed necessary, the court should have made the pleadings conform to such proof.

We conclude that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.